STATE OF HAWAII, Plaintiff-Appellee, *v.* JOLEEN G. KUTZEN, Defendant-Appellant, and SUZANNE FRANCIS ROSE, aka Summer, Defendant

NO. 9105

(CRIMINAL NO. 55120)

MARCH 1, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for the offense of bribery (HRS § 710-1040(1)(a)). The parties waived oral argument. One of appellant's claimed points of error (and the only one we need to consider) was the denial of a motion for a mistrial made in connection with the introduction into evidence of a videotape of a conversation on May 18, 1980 in which appellant had participated. Pursuant to Rule 16(b)(1)(ii), appellant's counsel had earlier requested the production of any recorded statements by her in the possession of the prosecution. A meeting for the production of such statements was held. Appellant's counsel claimed that, after he had listened to a number of tapes produced by the prosecution (not including that of the May 18, 1980 conversation), he asked if there

were any others involving his client, and was told there were not. He thereupon left the meeting. The prosecution denied making any such statement.

After an examination of the record, we remanded the case temporarily to the circuit court to determine what, if any, representations, with respect to whether the State had any statements, videotapes, etc., of appellant (other than those already produced), were made to her counsel, by the prosecution, before said counsel left the pre-trial discovery meeting. On remand the trial court found that a representative of the State did tell appellant's counsel, at the pre-trial discovery conference, that the State had no tapes of his client's conversations other than those which he had already heard, when, in fact, the State did have the tape of May 18, 1980, a conversation in which appellant participated. The trial court further found that the false representation was not made with the intention of misleading appellant's counsel. It is obvious, from the record, however, that the effect of the representation was to mislead counsel.

Rule 16, HRPP, provides, in part:

(b) *Disclosure by the Prosecution.*

(1) *Disclosure Upon Written Request of Matters Within Prosecution's Possession.* Upon written request of defense counsel, the prosecutor shall disclose to him the following material and information within the prosecutor's possession or control:

. . . .

(ii) any written or recorded statements and the substance of any oral statements made by the defendant, or made by a co-defendant if intended to be used in a joint trial, together with the names and last known addresses of persons who witnessed the making of such statements [.]

The false representation was a violation, albeit an unintentional one, of that rule.

The tape, State's Exhibit 13, was produced only on rebuttal after appellant had testified *on cross-examination* that she did not remember introducing Officers Nagao and Higa to Loretta Quabner on May 18, 1980. The prosecution's violation of Rule 16(b)(1)(ii), HRPP, combined with its course of conduct with respect to the production of the tape at trial, irreparably prejudiced appellant's defense.

We hold that it was error for the trial court to have denied the motion for mistrial. Accordingly the case is reversed and remanded to the trial court for a new trial. In order to rectify, insofar as possible, the prejudice resulting from the prosecution's violation of Rule 16(b)(1)(ii), HRPP, the trial court is instructed to enter an order (1) striking the prosecution's questions and appellant's answers with respect to the May 18, 1980 meeting, (2) suppressing State's Exhibit 13, and (3) forbidding the parties, counsel, or the witnesses from referring to State's Exhibit 13. Reversed and remanded for a new trial.

*Randal I. Shintani* on the brief for appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief for appellee.